E-FILED
Friday, 17 August, 2012  01:20:42 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PATRICK O'KEEFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-cv-3149 |
| | ) | |
| HAROLD GIST, in his capacity as a | ) | |
| police officer, and THE CITY OF | ) | |
| GIRARD, ILLINOIS, an Illinois | ) | |
| municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Byron G. Cudmore.  See d/e 21.  In the Report and Recommendation, Magistrate Judge Cudmore recommends allowing the Motion to Dismiss (d/e 9) filed by Defendants Harold Gist ("Gist") and The City of Girard, Illinois ("Girard"). Plaintiff, Patrick O'Keefe ("O'Keefe"), timely filed an Objection to the Magistrate Judge's Report and Recommendation ("Objections") (d/e 22).

See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  This Court reviews de novo any part of the Report and Recommendation to which a party has properly objected.  See 28 U.S.C. § 636(b)(1)(c).  For the reasons set forth below, the Court overrules the Objections and adopts Magistrate Judge Cudmore's Report and Recommendation.  Accordingly, Defendants' Motion to Dismiss (d/e 9) is GRANTED.

## I. BACKGROUND

A.    Plaintiff's Complaint

On June 24, 2010, Plaintiff filed a three-count Complaint (d/e 1) against Defendants.  In Count I, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, alleging that Defendants violated Plaintiff's due process rights when Defendant Harold Gist gave Plaintiff's dog, Boomer ("the dog"), to another person, David Hagan ("Hagan"), without a hearing and without Plaintiff's consent.  Compl. ¶ 24.  In Count II, Plaintiff seeks a declaratory judgment against Girard.  Plaintiff asks this Court to declare that the Girard Municipal Code of Ordinances ("Ordinance"), as interpreted by Girard and its police officers, violates the Fourteenth

Amendment of the United States Constitution and seeks an order prohibiting enforcement of the Ordinance.  Compl. ¶ 33.  In Count III, Plaintiff also alleges an Illinois common law claim for conversion against Defendant Gist.  Compl. ¶ 37.  The parties are familiar with the specific allegations of each count contained in Plaintiff's Complaint, and this information is fully set out in the "Statement of Facts" section of Magistrate Judge Cudmore's Report and Recommendation, adopted herein.

B.    Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

On July 21, 2011, Defendants filed their Motion to Dismiss.  In the Motion to Dismiss, Defendants contend that all three counts of the Complaint should be dismissed for failure to state a claim upon which relief may be granted.  Specifically, Defendants argue that Plaintiff fails to adequately allege a due process violation (Count I) because Plaintiff received the process that was due through a post-deprivation hearing in the state court system, through which he retrieved the dog.  See O'Keefe v. Hagan, Macoupin County Circuit Court Case No. 09 LM 130.

Additionally, Defendants argue that Count II should be dismissed because Plaintiff is not entitled to any declaratory relief.  Defendants contend that because Plaintiff received ownership of the dog in a state court proceeding, there is no ongoing, actual controversy that has not been remedied.  Defendants argue that Count III should be dismissed because Plaintiff fails to adequately state a claim for conversion against Defendant Gist.  Finally, Defendants argue that Defendant Gist is entitled to qualified immunity and absolute immunity.

C.     Magistrate Judge Cudmore's Report and Recommendation and Plaintiff's Objections Thereto

As stated, the Report and Recommendation recommends that Defendants' Motion to Dismiss be granted.  Plaintiff filed Objections, in which Plaintiff disputes several of the findings in the Report and Recommendation.  Plaintiff states the following objections:[1]

(1) Plaintiff disputes the finding that Count I of the Complaint fails to state a claim for deprivation of property without due process of law

---

[1] These disputed findings are hereinafter collectively referred to as "Plaintiff's Disputed Findings."

(Pl.'s Obj. at 2);

(2) Plaintiff disputes the finding that Defendant Gist's actions, as alleged in the Complaint, were unauthorized (Pl.'s Obj. at 2);

(3) Plaintiff disputes the finding that Plaintiff was required to allege in the Complaint that Plaintiff availed himself of post-deprivation remedies and that those remedies were not sufficient (Pl.'s Obj. at 2);

(4) Plaintiff asserts that the Report and Recommendation incorrectly states that Plaintiff believes Defendant Gist "correctly interpreted the Ordinance to authorize him to change ownership of the Dog" (Pl.'s Obj. at 3);

(5) Plaintiff objects to the Report and Recommendation to the extent that it "appears to assume that Gist's action of giving away Boomer to a third party was not a terminal event, resulting in a permanent deprivation of O'Keefe's property" (Pl.'s Obj. at 3);

(6) Plaintiff disputes the finding that Porter v. DiBlasio, 93 F.3d 301 (7th Cir. 1996), is distinguishable from this case and objects to "the failure of the Report and Recommendation to analyze this case pursuant

to the <u>DiBlasio</u> analysis" (Pl.'s Obj. at 4);

(7) Plaintiff objects to the statement that "[a] state actor cannot give notice to someone who is unknown" because Plaintiff believes the statement suggests that Defendant Gist was not required to attempt to provide notice to Plaintiff because the Dog did not have an identification tag when it was in Defendant Gist's custody (Pl.'s Obj. at 5);

(8) Plaintiff objects to the Report and Recommendation's analysis weighing the benefit of scanning stray animals for microchips against the fiscal and administrative burden on the public.  Plaintiff states that the analysis "assumes, first, that a visual inspection for ownership indicia is all that is necessary prior to the immediate termination of an ownership interest, as occurred here" (Pl.'s Obj. at 6);

(9) Plaintiff disputes the finding that "[t]he fiscal and administrative burden of requiring all municipalities to scan every stray cat and dog for microchips would outweigh the burden imposed on pet owners either to put identification tags on the animals or to use post-deprivation procedures to recover lost pets" (Pl.'s Obj. at 6-7);

(10) Plaintiff disputes the finding that a post-deprivation remedy was available and effective in this case;

(11) Plaintiff disputes the finding that Count II should be dismissed because no concrete controversy is alleged;

(12) Plaintiff disputes the finding that Count III should be dismissed for lack of subject matter jurisdiction if this Court dismisses Counts I and II.

In the Objections, Plaintiff asks this Court to reject the Report and Recommendation and grant Plaintiff leave to file an amended complaint to further allege his Fourteenth Amendment due process claim.  Plaintiff also requests oral argument on his Objections and Motion to Dismiss.

## II. ANALYSIS

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  That statement

must be sufficient to provide the defendant with "fair notice" of the claim

and its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir.

2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.

1955, 1964, 167 L. Ed. 2d 929, 940 (2007).  This means that (1) "the

complaint must describe the claim in sufficient detail to give the

defendant 'fair notice of what the . . . claim is and the grounds upon

which it rests" and (2) its allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a "speculative

level."  EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th

Cir. 2007).  While detailed factual allegations are not needed, a

"formulaic recitation of a cause of action's elements will not do."

Twombly, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d at 940.

Conclusory allegations are "not entitled to be assumed true."  Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868, 885 (2009) (citing

Twombly, 550 U.S. 544 (2007)).  "In ruling on Rule 12(b)(6) motions,

the court must treat all well-pleaded allegations as true and draw all

inferences in favor of the non-moving party."  In re marchFIRST Inc.,

589 F.3d 901, 904 (7th Cir. 2009) (citing <u>Tamayo</u>, 526 F.3d at 1081).

As stated, Plaintiff disputes several specific findings of the Report and Recommendation.  However, Plaintiff has only provided argument and supporting authority for the following four objections, all of which relate to Count I: (1) Plaintiff disputes the finding that <u>Porter v. DiBlasio</u>, 93 F.3d 301 (7th Cir. 1996), is distinguishable from this case on the issue of whether Defendant Gist was required to scan the dog for a microchip before concluding that the dog's owner was unknown; (2) Plaintiff objects to the statement that "[a] state actor cannot give notice to someone who is unknown"; (3) Plaintiff asserts that the Report and Recommendation incorrectly assumes that visual inspection for indicia of ownership is all that is required before an official may terminate an ownership interest; and (4) Plaintiff disputes the finding that a post-deprivation remedy was available and effective in this case.  The Court addresses each of these arguments below.

### A.   Plaintiff's Complaint Fails to State a Claim for Violation of Due Process (Count I)

In Count I, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and

alleges that Defendants violated Plaintiff's due process rights when Defendant Gist gave Plaintiff's dog to Hagan without a hearing and without Plaintiff's consent.  All of Plaintiff's supported objections dispute the Report and Recommendation's conclusion that Plaintiff has failed to state a claim for violation of due process.

In order to state a claim for violation of due process, a plaintiff must allege that he had a property interest, that he was deprived of that property interest, and that the deprivation was without due process of law.  Luellen v. City of E. Chicago, 350 F.3d 604, 613 (7th Cir. 2004). Here, Plaintiff was deprived of his property, his dog, from roughly July 2009 to December 2010.  Therefore, the remaining issue is whether Plaintiff was denied that property without due process of law.

"The presumption is that an individual is entitled to notice and an opportunity for a hearing prior to the state's permanent deprivation of his property interest."  Porter, 93 F.3d at 305 (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982)).  However, an individual is not entitled to a pre-deprivation hearing in all

circumstances.  <u>Porter</u>, 93 F.3d at 305.  "In some circumstances . . . a

postdeprivation hearing or a common-law-tort remedy satisfies due

process."  <u>Tucker v. Williams</u>, 682 F.3d 654, 660 (7th Cir. 2012) (citing

<u>Zinermon v. Burch</u>, 494 U.S. 113, 127, 110 S. Ct. 975, 108 L. Ed. 2d

100 (1990)).  "When a predeprivation hearing is not required, due

process only requires that the government provide meaningful procedures

to remedy erroneous deprivations."  <u>Tucker</u>, 682 F.3d at 661 (citing

<u>Parratt v. Taylor</u>, 451 U.S. 527, 541, 101 S. Ct. 1908, 68 L. Ed. 2d 420

(1981)).

In determining what process satisfies due process, "'the Supreme

Court has distinguished between (a) claims based on established state

procedures and (b) claims based on random, unauthorized acts by state

employees.'"  <u>Leavell v. Ill. Dept. of Natural Res.</u>, 600 F.3d 798, 804

(7th Cir. 2010) (quoting <u>Rivera-Powell v. New York City Bd. of

Elections</u>, 470 F.3d 458, 465 (2d Cir. 2006)).  Where the deprivation is

pursuant to an established state procedure, "'the state can predict when it

will occur and is in the position to provide a pre-deprivation hearing.'"

Leavell, 600 F.3d at 805 (quoting Rivera-Powell, 470 F.3d at 465).

However, where the deprivation is random and unauthorized, a post-deprivation hearing or a common-law tort remedy for wrongful deprivation satisfies procedural due process requirements.  Zinermon, 494 U.S. at 128.  In such cases, "the plaintiff must either avail herself of state post-deprivation remedies 'or demonstrate that the available remedies are inadequate.'"  Leavell, 600 F.3d at 805 (quoting Doherty v. City of Chicago, 75 F.3d 318, 323 (7th Cir. 1996)).

This Court agrees with the Report and Recommendation's conclusion that Count I fails to state a claim for violation of due process. Defendant Gist's action—giving the dog to Hagan—was unauthorized under the Ordinance.  The Ordinance requires that stray dogs be impounded.  See Ordinance, § 3-2-8(A) (requiring officers of the Police Department "to take up and impound in such place as may be designated and set apart for that purpose, any dog found running at large or unlicensed in the City, contrary to any of the provisions of this Chapter or other regulations of the City or State").  The Ordinance directs that

"where the owner or keeper of such dog is disclosed by any tax or license tag worn by it or is otherwise known to the officers impounding the same, the designated official shall make reasonable attempts to contact the owner" of the dog.  Ordinance, § 3-2-9.  Instead of turning over the dog to the Pound, Defendant Gist attempted to investigate the identity of the dog's owner on his own.  Defendant Gist learned that a woman named Laurent had found the dog several weeks earlier but had then given the dog to a second woman named Lewis.  Lewis had given the dog to a third person, but the dog had escaped from the possession of the third person shortly before Defendant Gist found the dog.  After speaking with Defendant Gist about the dog, Lewis relinquished possession of the dog to Defendant Gist.  The Ordinance provides that unwanted animals "should be delivered to the County Animal Control Facility for proper disposal."  See Ordinance, § 3-1-6.  Instead of delivering the dog to Macoupin County Animal Control or having the dog impounded, Defendant Gist took the dog to Girard police headquarters.  Defendant Gist thereafter gave the dog to Hagan, who had

expressed interest in becoming the owner of the dog.  Based on these alleged facts, this Court finds that Defendant Gist's actions were unauthorized under the Ordinance.

Because Defendant Gist's actions were unauthorized, Plaintiff, in order to state a claim for a violation of due process, is required to allege that Plaintiff availed himself of post-deprivation remedies, including common-law judicial remedies, and that those remedies were not adequate.  See Leavell, 600 F.3d at 802 (stating that, where the deprivation is random and unauthorized, post-deprivation procedures may be adequate)); Tucker, 682 F.3d at 660 (stating that, in some circumstances, "a postdeprivation hearing or a common-law-tort remedy satisfies due process").

However, Plaintiff cannot allege that post-deprivation remedies were not adequate because Plaintiff received full relief from an action in state court.  Courts have established that, where a pre-deprivation hearing is not required, common-law judicial remedies provide adequate post-deprivation procedures.  See Tucker, 682 F.3d at 661 (finding that

adequate post-deprivation procedures were available to the plaintiff because the plaintiff could have brought a claim for conversion or replevin); Stewart v. McGinnis, 5 F.3d 1031, 1036 (7th Cir. 1993) (finding that Illinois tort laws were adequate post-deprivation procedures).  Here, Plaintiff brought a replevin action in Macoupin County Circuit Court and, in March 2010, that court issued an Order of Replevin directing that the dog be returned to Plaintiff during the pendency of the state court action.  In December 2010, the court awarded Plaintiff full ownership of the dog.  This Court finds that Plaintiff therefore received full post-deprivation relief through that state court action.  Accordingly, Plaintiff has failed to state a claim for violation of due process.

This Court also agrees with Magistrate Judge Cudmore's alternative conclusion that Plaintiff has failed to state a claim for violation of due process even if this Court were to consider Defendant Gist's actions to have been authorized by an unwritten policy or custom of the Girard Police Department that misinterpreted the Ordinance, as Plaintiff

contends.  This Court finds that, even if Defendant Gist's actions had

been authorized, Plaintiff was not entitled to a pre-deprivation hearing

under the circumstances of this case.  As previously stated, "an individual

is entitled to notice and an opportunity for a hearing prior to the state's

permanent deprivation of his property interest."  Porter, 93 F.3d at 305

(citing Logan, 455 U.S. at 434).  However, a pre-deprivation hearing is

not always required.  Porter, 93 F.3d at 305.  In order to determine

whether a pre-deprivation hearing is required, courts must consider the

following three factors:

> First, the private interest that will be affected by the official action;
> second, the risk of an erroneous deprivation of such interest
> through the procedures used, and the probable value, if any, of
> additional or substitute procedural safeguards; and finally, the
> Government's interest, including the function involved and the
> fiscal and administrative burdens that the additional or substitute
> procedural requirement would entail.

Mathews, 424 U.S. at 335.  "The test for due process in the sense of

procedural minima, as set forth in Mathews v. Eldridge, 424 U.S. 319,

335, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18 (1976), requires a comparison

of the costs and benefits of whatever procedure the plaintiff contends is

required."  Van Harken v. City of Chicago, 103 F.3d 1346, 1351 (7th

Cir. 1997).

In this case, when Defendant Gist took lawful possession of the

dog, he did not know who the owner of the dog was.  The dog was not

wearing an identification tag and was not otherwise identifiable through

visual inspection.  Therefore, pre-deprivation notice to Plaintiff was not

possible given that Defendant Gist did not know that Plaintiff was the

owner of the dog.  Walls v. City of Brookfield, 406 F.3d 458, 459 (7th

Cir. 2005) (finding that post-deprivation remedies were adequate where

notice was not possible).  This Court agrees with Magistrate Judge

Cudmore that due process did not require Defendant Gist to scan the

dog for a microchip before concluding that the owner of the dog was

unknown.  Requiring all municipalities to scan every stray dog for a

microchip would create fiscal and administrative burdens that would

outweigh the burden on pet owners to place identification tags on their

pets or else rely on post-deprivation remedies to recover their lost pets.

See Mathews, 424 U.S. at 335 (stating that the court should consider

"the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail").  Here, Girard does not have a scanner.  In order to scan the dog for a microchip, Defendant Gist would have had to leave Girard and travel to a different city that is in possession of a scanner or arrange a scan with a private veterinarian in possession of a scanner.

This Court concludes that Defendant Gist's visual inspection of the dog was sufficient to conclude that the owner of the dog was unknown.  Because notice to Plaintiff was not possible, post-deprivation proceedings were adequate to provide Plaintiff with due process in this case.

Plaintiff's first three supported objections dispute Magistrate Judge Cudmore's alternative finding that, even if Defendant Gist's actions had been authorized, Plaintiff was not entitled to a pre-deprivation hearing because Defendant Gist could not have provided pre-deprivation notice to the unknown owner of the dog.  Plaintiff argues that due process required that Defendant Gist take additional steps beyond visual

inspection of the dog, including scanning for a microchip, to determine the dog's owner before concluding that the owner of the dog was unknown.

Specifically, Plaintiff first disputes Magistrate Judge Cudmore's finding that <u>Porter v. DiBlasio</u>, 93 F.3d 301 (7th Cir. 1996), is distinguishable from this case on the issue of what process is due prior to terminating an owner's rights in seized animals.  Pl.'s Obj. 4 (citing Report and Rec. 15-16).  This Court agrees with Magistrate Judge Cudmore that <u>Porter</u> is distinguishable from this case.  In <u>Porter</u>, county officials seized nine horses that belonged to the plaintiff and terminated the plaintiff's interest in those horses without giving notice to the plaintiff, even though the officials possessed documents that demonstrated the plaintiff's ownership of the horses.  93 F.3d at 303.  In <u>Porter</u>, the Seventh Circuit considered what process was due prior to terminating the owner's rights in the seized horses.  <u>Id.</u> at 306.  The court applied the three-prong <u>Mathews</u> balancing test and concluded that the state was required to provide the owner notice and an opportunity to be

heard prior to permanently terminating the owner's interest in the seized animals.  Porter, 93 F.3d at 307.

The court in Porter did not address the constitutional obligations of an official where, as here, the official has no actual knowledge of the owner's identity.  The court also did not address the issue of whether the United States Constitution requires state and municipal officials to scan seized animals for microchips.  Therefore, Porter is distinguishable from the present case.  In this case, because the identity of the dog's owner was unknown to Defendant Gist, Gist could not give notice to the dog's owner.  Because pre-deprivation notice to Plaintiff was not feasible, post-deprivation procedures were adequate to provide Plaintiff with due process.  See Walls, 406 F.3d at 459 (finding that post-deprivation remedies for the seizure of the plaintiff's dog were adequate where pre-deprivation notice was not feasible).

Next, Plaintiff disputes the Report and Recommendation's statement that "[a] state actor cannot give notice to someone who is unknown" (Pl.'s Obj. 5 (citing Report and Rec. 14)).  Plaintiff believes

this statement incorrectly suggests that Defendant Gist was not required to attempt to provide pre-deprivation notice to Plaintiff because the dog did not wear an identification tag when it was in Defendant Gist's custody.  Plaintiff's objection to this statement is overruled.  This Court agrees with Magistrate Judge Cudmore that, if an official does not know who the owner of a seized animal is, then the official cannot give notice to that owner.

Plaintiff further argues that Defendant Gist was required to take additional "reasonable steps" to notify the true owner of the dog before concluding the dog's owner was unknown.  In support, Plaintiff cites Section 5(c) of the Animal Control Act, 510 ILCS 5/5(c), which obligates "municipal police officers [to] cooperate" with carrying out that statute, and Section 10 of the same Act, 510 ILCS 5/10, which requires that the County Animal Control Officer scan an impounded animal for a microchip.  Plaintiff also argues that the Report and Recommendation, in its analysis of "benefits and burdens," incorrectly "assumes, first, that a visual inspection for ownership indicia is all that is necessary prior to the

immediate termination of an ownership interest, as occurred here." Pl.'s Obj. 6-7 (citing Report and Rec. 16-17). Additionally, Plaintiff objects to the Report and Recommendation's analysis of whether the Constitution requires state and municipal officers to scan seized animals for microchips.

This Court has agreed with Magistrate Judge Cudmore that Defendant Gist was not constitutionally required to scan the dog for a microchip before concluding that the owner was unknown. If visual inspection of the animal does not reveal the dog's owner, then effective post-deprivation proceedings are sufficient. Plaintiff has not provided authority to support the contention that due process requires all municipal officials to scan stray dogs for microchips. Here, Defendant Gist was unable to determine the dog's owner through visual inspection of the dog, and Plaintiff received effective post-deprivation relief.

Finally, Plaintiff disputes Magistrate Judge Cudmore's finding that a post-deprivation remedy was available and effective in this case. Plaintiff argues that Girard failed to provide any post-deprivation process

at all.  This Court disagrees.  Plaintiff filed a replevin action in Macoupin County Circuit Court and received full ownership of his dog as a result of that action.  Plaintiff availed himself of a post-deprivation remedy, and that remedy was adequate and effective.

In sum, the Court is not persuaded by any of Plaintiff's objections discussed above.  The Court agrees with the reasoning of the Report and Recommendation and finds that Count I of the Complaint fails to state a claim for violation of due process.

## B.  This Court's Duty to Perform De Novo Review Does Not Arise as to Plaintiff's Unsupported Objections

In the Objections, Plaintiff disputes several of Magistrate Judge Cudmore's findings but does not support his objections with legal analysis or citation to authority.  "De novo review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." United States ex rel. McCall v. O'Grady, 1995 WL 584333, at *1 (N.D. Ill. 1995) (citing 28 U.S.C. § 636(b)(1)); see also United States v.

O'Neill, 52 F. Supp. 2d 954, 967 (E.D. Wis. 1999) (rejecting, without

performing a de novo review, objections that were not supported by

statutory analysis or citation to case law); Radke's, Inc. v. Bastian, 2011

WL 811377, at *1 (C.D. Ill. 2011) ("Perfunctory and undeveloped

arguments may be deemed waived and do not warrant consideration on

the merits by the Court[.]"); United States v. O'Neill, 27 F. Supp. 2d

1121, 1126 (E.D. Wis. 1998) ("'[W]ithout specific reference to portions

of the magistrate's decision and legal discussion on the objected portion,

the district court's duty to make a de novo determination does not

arise[.]'" (quoting United States v. Molinaro, 683 F.Supp. 205, 211

(E.D. Wis. 1988))); Local Rule 72.2(B) (providing that objections to a

report and recommendation must be specific and accompanied by a

memorandum of law in support of those objections); Local Rule

7.1(B)(1) (providing that every motion raising a question of law must be

accompanied by a memorandum of law with supporting authorities upon

which the party relies).  While the Court does not have a duty to conduct

de novo review of Plaintiff's Disputed Findings that Plaintiff has not

supported with legal analysis or authority, the Court has nonetheless reviewed these claims and agrees with Magistrate Judge Cudmore's conclusions and reasoning in his Report and Recommendation with respect to these issues.

## CONCLUSION

IT IS THEREFORE ORDERED that Magistrate Judge Cudmore's Report and Recommendation (d/e 21) is ADOPTED and Defendants' Motion to Dismiss (d/e 9) is GRANTED.  Plaintiff's request for leave to file an amended complaint is denied.  This case is CLOSED.

IT IS SO ORDERED.

ENTERED: August 16, 2012

FOR THE COURT:

_____s/ Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATE DISTRICT JUDGE