IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PATRICK O'KEEFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-cv-03149 |
| | ) | |
| HAROLD GIST, in his capacity as | ) | |
| police officer, and THE CITY OF | ) | |
| GIRARD, ILLINOIS, an Illinois | ) | |
| municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendants' Motion for

Attorney's Fees brought pursuant to Federal Rule of Civil Procedure 11.

(d/e 26.)  For the reasons that follow, the Court DENIES Defendants'

Motion.

BACKGROUND

On June 24, 2010, Plaintiff, Patrick O'Keefe, filed a three-count

Complaint against the City of Girard and Sergeant Harold Gist of the

Girard Police Department.  (d/e 1.)  The Complaint included: (1) a 28

U.S.C.  § 1983 action for an alleged denial of property without due process of law; (2) a declaratory judgment action brought pursuant to 28 U.S.C. § 2201; and (3) a state law tort claim for conversion.  The Complaint stemmed from an incident where Sergeant Gist found Plaintiff's dog, but Gist gave it to another individual after he was unable to identify the owner.  (Compl. ¶ 16).

Magistrate Judge Cudmore issued a Report and Recommendation in this matter that dismissed all three Counts for failure to state a claim. (d/e 21.)  See Fed.R.Civ.P. 12(b)(6).  Plaintiff timely filed an objection to the Report and Recommendation.  (d/e 22.)  Subsequently, this Court adopted the Magistrate Judge's Report and Recommendation. (d/e 24.) Defendants now file a Motion for Attorneys Fees as sanctions for an alleged violation of Federal Rule of Civil Procedure 11.  (d/e 26).

## LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) requires attorneys to make a reasonable inquiry into the facts and law prior to presenting any

pleading, motion, or other paper before the court, so that the court may certify that:

(1)  it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needlessly increase the cost of litigation;

(2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)  the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Under Rule 11, a district court may impose sanctions if a lawsuit is

"not well grounded in fact and is not warranted by existing law or a good

faith argument for the extension, modification, or reversal of existing

law."  Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731, 990

F.2d 957, 963 (7th Cir. 1993). See also Fed.R.Civ.P. 11(b), (c).  The

court must "undertake an objective inquiry into whether the party or his

counsel should have known that his position is groundless."  Id. (quoting

CNPA v. Chicago Web Printing Pressmen's Union No. 7, 821 F.2d 390,

397 (7th Cir. 1987) (citations omitted)).

## ANALYSIS

This Court adopted the Magistrate Judge's reasons for dismissing

each Count for the following reasons.  (d/e 24).  First, Sergeant Gist

acted without authority.  Therefore, Plaintiff needed, but failed to allege

in Count I that the post deprivation remedies in this case proved

insufficient.  (Report & Recommendation, p. 11-13.)  Second, the

Constitution only required Gist to visually inspect the dog to conform

with due process.  Thus, Plaintiff failed to state a valid Monell claim

against Girard in Count I "even if Gist's actions were somehow

authorized by some alleged unwritten police policy or custom that misinterpreted the ordinance." (Report & Recommendation, p. 17); <u>see also</u> <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690 (1978). Third, Plaintiff did not state a claim for declaratory relief in Count II because no actual controversy existed between the parties. Plaintiff has already obtained his dog in a state replevin action. Further, the chance that another injury could occur as a result of the same ordinance proved only speculative in this case. (Report & Recommendation, p. 18.) Finally, the Court lacked supplemental jurisdiction over the state law claim in Count III. (Report Recommendation 19.) That result flowed from Plaintiff's inability to state a valid federal law claim in Counts I or II. 28 U.S.C. § 1367(c)(3); <u>see</u> <u>also</u> <u>Van Harken v. City of Chicago</u>, 103 F.3d 1346, 1351 (7th Cir. 1997).

The Court notes, however, that an unsuccessful case does not render Rule 11 sanctions in the form of attorney's fees appropriate. <u>Khan v. Gallitano</u>, 180 F.3d 829, 837 (7th Cir. 1999) ("There is a significant difference between making a weak argument with little chance

of success . . . and making a frivolous argument with no chance of

success.").

First, Plaintiff adequately supported his claim in Count I for a

deprivation of property in violation of the due process clause.  See e.g.,

Siebert v. Severino, 256 F.3d 648, 659 (7th Cir. 2001) (finding a

procedural due process violation for a seizure of horses); Porter v.

Diblasio, 93 F.3d 301, 306-07 (7th Cir. 1996) (applying a procedural

due process claim to a wrongful deprivation of horses).  The Court

recognizes that these cases fail to directly answer the questions that were

at issue–whether Gist acted within his authority and whether Girard

maintained a constitutionally impermissible unwritten policy or practice.

(Report Recommendation 11-13, 17.)  But Rule 11 does not call for

penalties where an attorney or party asserts novel arguments

extrapolated from valid legal authority.  See Fries v. Helsper, 146 F.3d

452 (7th Cir. 1998) (stating that "a court may impose sanctions on a

party for making arguments or filing claims that are frivolous, legally

unreasonable, without factual foundation, or asserted for an improper

purpose.").   Rather, Rule 11 condones such activity.  See Fed.R.Civ.P. 11(b) (calling for pleadings to be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law").

Second, Plaintiff's claim for injunctive relief under 28 U.S.C. § 2201(a) was not frivolous.  Specifically, Plaintiff argued that the ordinance "purports to automatically transfer ownership of a specific class of property–domestic pets–from whoever the original owner is to whoever takes care of such pet . . . ."  (d/e 15).  Plaintiff cited authority to support the contention that "an ongoing constitutional violation" renders injunctive relief appropriate.  See Perry v. Village of Arlington Heights, 905 F.Supp. 465, 470 (N.D. Ill. 1995) (granting summary declaratory relief where village ordinance violated due process).

The Court disagreed with Plaintiff's arguments, finding a continuing harm unlikely–most notably because Plaintiff lives fifteen to twenty miles southwest of Girard.  (Report Recommendation 3.)  The Court's findings, however, do not render Plaintiff's arguments frivolous.

Finally, the Court dismissed the state law conversion claim because the Court lacked jurisdiction.  See 28 U.S.C. § 1367(c)(3) (stating requirements for supplemental jurisdiction).  The Court lacked jurisdiction because it dismissed the first two claims that included federal questions.  See 28 U.S.C. § 1331 (stating the requirements for federal question jurisdiction).  The dismissal of Count III bore no relation to any potential frivolity in Plaintiff's conversion claim.

CONCLUSION

For the reasons discussed, the Court DENIES Defendants' Motion for Attorney's Fees as sanctions for an alleged Rule 11 violation.  (d/e 26).

IT IS SO ORDERED.

ENTERED: October 2, 2012

FOR THE COURT                    s/ Sue E. Myerscough
                         SUE E. MYERSCOUGH
                         UNITED STATE DISTRICT JUDGE